UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                          CRIMINAL ACTION

VERSUS                                                                                 15-169-SDD-RLB

JIMMY R. DAVIS, a.k.a.
"BoomBoomPow"

## RULING

This matter is before the Court on the Defendant's *Motion to Alter or Amend Judgment Pursuant to Rule 59(e)*.[1] The Government has filed an *Opposition*[2] to this motion. The motion is denied as untimely and, alternatively, substantively meritless.

### I. TIMELINESS

The current motion seeks the Court's reconsideration of its denial of Defendant's § 2255 motion as untimely and further requests a certificate of appealability on the issue of whether he stated a valid claim for equitable tolling in his § 2255 motion.[3] Rule 59(e) of the Federal Rules of Civil Procedure provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Supreme Court recently emphasized that "[t]he time for doing so is short—28 days from entry of the judgment, with no possibility of an extension."[4]

---

[1] Rec. Doc. No. 66.
[2] Rec. Doc. No. 68.
[3] Rec. Doc. No. 66.
[4] *Banister v. Davis*, --- U.S. ---, 140 S. Ct. 1698, 1703 (2020) (citing Fed. R. Civ. P. 6(b)(2)(prohibiting extensions to Rule 59(e)'s deadline)).

Here, on July 13, 2021, the Court denied as untimely the Defendant's *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255*.[5] On August 19, 2021, 37 days after the Court's *Ruling*, Defendant filed the instant *Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure Rule 59(e)*.[6] While Defendant acknowledges both the date of the Court's *Ruling* and the rule that any motion filed under Rule 59(e) must be filed no later than 28 days thereafter, he ignores any discussion defending his failure to meet this deadline, which does not allow for any extensions.

Accordingly, Defendant's motion shall be denied as untimely.

## II.    RULE 59(e) STANDARD

Even if Defendant's motion was timely, he would still not be entitled to the requested relief. "Rule 59(e) relief is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact."[7] "A court should not grant Rule 59(e) relief on the basis of arguments which could, and should, have been made before the judgment issued, and should not allow a case to be argued under a new legal theory."[8]

In his motion, Defendant does not claim that there has been an intervening change in the controlling law or newly discovered evidence that was previously unavailable.

---

[5] Rec. Doc. No. 65.

[6] Rec. Doc. No. 66. Pursuant to the mailbox rule, the motion was deemed filed on August 19, 2021, the day it was deposited into the prison mail system in Edgefield, South Carolina, although it was not entered into the record until August 25, 2021.

[7] *McAlpine v. Porsche Cars N. Am. Inc.*, 428 F. App'x 261, 263 (5th Cir. 2010) (per curiam) (citing *Schiller v. Physicians Res. Group., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).

[8] *Id.* (internal citations and quotation marks omitted); *see also Banister*, 140 S. Ct. at 1703 ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued.") (citations omitted).

Rather, he rehashes the same factual and legal arguments previously made, considered, and rejected by this Court, purportedly to demonstrate a manifest error of law or fact. Defendant primarily contends the Court's *Ruling* runs afoul the Supreme Court's decision in *Holland v. Florida*.[9] However, the Court considered the *Holland* decision, along with other applicable jurisprudence, and determined that the facts of this case did not demonstrate that Defendant was entitled to equitable tolling. Thus, Defendant is not entitled to Rule 59(e) relief on the merits.

Defendant's request for a certificate of appealability is also denied because Defendant has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find it debatable whether the Court was correct in its procedural ruling.

### III. CONCLUSION

For the reasons set forth above, the Defendant's *Motion to Alter or Amend Judgment Pursuant to Rule 59(e)*[10] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 30 day of September, 2021.

*/s/ Shelly D. Dick*
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[9] 560 U.S. 631, 649 (2010).
[10] Rec. Doc. No. 66.